IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BELL, | ) | |
|     Petitioner, | ) | Civil Action No. 13-115 Erie |
| | ) | |
|     v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL HARLOW, | ) | |
| et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Michael Bell, is a state prisoner currently incarcerated at the State Correctional Institution Albion ("SCI Albion"). He has filed a petition for a writ of habeas corpus [ECF No. 1] in which he challenges his confinement pursuant to the judgment of sentence issued by the Court of Common Pleas of Erie County on July 18, 1996. The petition is second or successive and Bell has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

    **A.    Relevant Background**

On March 8, 1996, Bell was charged at Criminal Docket No. 351 A & B of 1996 with Criminal Homicide/Murder, Aggravated Assault, Endangering the Welfare of a Child, and False Reports to Law Enforcement Authorities. The charges were in connection with the death of his three-month-old

1

daughter on December 13, 1995. She died from blunt force trauma resulting in several skull fractures and brain hemorrhaging. The Commonwealth filed a notice of intent to seek the death penalty due to the fact that the victim was under twelve years of age.

On July 18, 1996, a jury convicted Bell on all counts. Following the penalty phase of the trial, the jury sentenced him to life imprisonment for his murder conviction. The Superior Court of Pennsylvania affirmed Bell's judgement of sentence on August 27, 1997, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on April 13, 1998.

Bell has filed in state court numerous motions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* None of them have been successful.

On or around June 14, 2001, Bell filed with this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996. That petition was docketed as Bell v. Johnson, et al., 1:01-cv-193 (W.D. Pa.) and assigned to the Honorable Maurice B. Cohill, Jr., who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed and that a certificate of appealability be denied. On November 18, 2003, Judge Cohill adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

On or around January 29, 2008, Bell filed his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He once again challenged the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996. That action was docketed as Bell v. Sobina, et al., 1:08-cv-00033 (W.D. Pa.) and assigned to Judge Cohill, who referred the case to me. I issued an R&R in which I recommended that the petition be dismissed as second or successive, 28 U.S.C. § 2244(b), and that a certificate of appealability be denied. Judge Cohill adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Third Circuit

Court denied Bell's subsequent request for a certificate of appealability. See May 18, 2009, *Order* in Bell v. Sobina, et al., Court of Appeals Docket No. 08-4705 (3d Cir.).

In the meantime, Bell also had filed with the Third Circuit Court an application pursuant to 28 U.S.C. § 2244 to file a second or successive petition under 28 U.S.C. § 2254. The court denied his application on July 15, 2008. See 7/15/08, *Order* in In re: Michael Bell, Court of Appeals Docket No. 08-2734 (3d Cir.).

On or around October 25, 2011, Bell filed yet another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and for the third time attempted to challenge in federal court the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996. That action was docketed as Bell v. Commonwealth, et al., 1:11-cv-252(W.D. Pa.) and assigned to Judge Cohill, who referred the case to me. I issued an R&R in which I recommended that the petition be dismissed as second or successive, 28 U.S.C. § 2244(b), and that a certificate of appealability be denied. Judge Cohill adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

On or around April 24, 2013, Bell filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This is at least the fourth time that he has filed a habeas petition challenging the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996.

**B.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order

3

from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Bell has not received from the Third Circuit Court permission to file a second or successive petition. Therefore, the Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

4

**III.   CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Bell is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated:  April 29, 2013

cc:    Maurice B. Cohill
       Senior United States District Judge